IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

```
                                            F I L E D
                                      UNITED STATES DISTRICT COURT
                                            DENVER, COLORADO

                                            JUN 29 2005

                                        GREGORY C. LANGHAM
                                                CLERK
```

Civil Action No. 05-cv-00650-OES

RALPH DEAN CHAVEZ,

    Plaintiff,

v.

HUERFANO COUNTY,
HUERFANO COUNTY CORRECTIONAL CENTER,
CORRECTIONS CORPORATION OF AMERICA,
BOB KURTZ, Warden, official & in his individual personal capacity,
DEBBI MCCORD, officially & in her individual personal capacity,
ANGELA MORELAND, Case Manager, officially and in her individual personal capacity,
PAM COLBURN, Medical Director, officially & in her individual personal capacity,
DR. C. DAVID NEECE, officially & in personal individual capacity,
KATHLEEN MOULDS, Physicians assistant, officially & in her individual personal
    capacity,
SHIRLEY SANCHEZ, HCCC/CCA, Nurse, officially & in her individual personal
    capacity,
PAUL PACHECO, HCCC/CCA, Captain, officially & in his individual personal capacity,
RUBEN MAESTAS, HCCC/CCA, Librarian, officially & in his individual personal
    capacity,
ED C. GILLESPIE, CDOC, Step III Grievance Officer, officially & in personal individual
    capacity,
ANTHONY A. DECESARO, CDOC, Step III Grievance Officer, officially & in personal
    individual capacity,
MISS DOWNEY, HCCC/CCA Inmates Records Clerk, officially & in her individual
    personal capacity, and
MICHELLE SANTISTEVAN, HCCC/CCA, Head Case Manager, officially & in her
    individual personal capacity,

    Defendants.

---

ORDER ALLOWING PLAINTIFF TO PROCEED
WITHOUT PAYMENT OF INITIAL PARTIAL FILING FEE

---

On May 12, 2005, the court granted Plaintiff Ralph Dean Chavez leave to

proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(b)(1),

the court ordered Mr. Chavez either to pay an initial partial filing fee of $10.00 or to show cause why he has no assets and no means by which to pay the designated initial partial filing fee. On June 20, 2005, Mr. Chavez submitted a certified copy of his inmate trust fund account statement showing that the available balance in his prison account as of June 6, 2005, is $ .71. The financial affidavit previously filed by Mr. Chavez reveals no other assets.

Title 28 U.S.C. § 1915 requires a prisoner bringing a civil action "to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). If a prisoner is unable to afford the full amount of the filing fee when the action is filed, the statute provides for payment of the filing fee through an initial partial filing fee and monthly installments of the balance until the full filing fee is paid. However, "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

Because he has demonstrated that he has no assets and no means by which to pay the initial partial filing fee, Mr. Chavez will be allowed to proceed in this action without payment of the initial partial filing fee designated in the court's May 12, 2005, order. The court will proceed to review complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). However, although he may proceed without payment of an initial partial filing fee, Mr. Chavez remains obligated to pay the full $250.00 filing fee through monthly installments as directed in the court's May 12 order and reiterated below. Accordingly, it is

ORDERED that Mr. Chavez may proceed in this action without payment of the

initial partial filing fee designated in the court's May 12, 2005, order because he has shown cause why he has no means by which to pay an initial partial filing fee. Mr. Chavez remains obligated to pay the full amount of the required $250.00 filing fee pursuant to § 1915(b)(1). It is

FURTHER ORDERED that until the $250.00 filing fee is paid in full, Mr. Chavez shall make monthly payments to the court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. Mr. Chavez is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order. It is

FURTHER ORDERED that if Mr. Chavez fails to have the appropriate payment sent to the clerk of the court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the complaint may be dismissed without prejudice and without further notice. It is

**FURTHER ORDERED that the court may dismiss this action and may apply all or part of the filing fee payments tendered in this action to satisfy any filing fee debt the plaintiff may owe in a prior action or actions if the plaintiff fails to stay current with his payment obligations in the prior action or actions.**

DATED at Denver, Colorado, this 29 day of June, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 05-cv-00650-OES

Ralph Dean Chavez
Prisoner No. 111692
Huerfano County Corr. Center
304 Ray Sandoval Street, E-5218
Walsenburg, CO 81089

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6-29-05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk