IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00650-OES

RALPH DEAN CHAVEZ,

    Plaintiff,

v.

HUERFANO COUNTY,
HUERFANO COUNTY CORRECTIONAL CENTER,
CORRECTIONS CORPORATION OF AMERICA,
BOB KURTZ, Warden, official & in his individual personal capacity,
DEBBI MCCORD, officially & in her individual personal capacity,
ANGELA MORELAND, Case Manager, officially and in her individual personal capacity,
PAM COLBURN, Medical Director, officially & in her individual personal capacity,
DR. C. DAVID NEECE, officially & in personal individual capacity,
KATHLEEN MOULDS, Physicians assistant, officially & in her individual personal capacity,
SHIRLEY SANCHEZ, HCCC/CCA, Nurse, officially & in her individual personal capacity,
PAUL PACHECO, HCCC/CCA, Captain, officially & in his individual personal capacity,
RUBEN MAESTAS, HCCC/CCA, Librarian, officially & in his individual personal capacity,
ED C. GILLESPIE, CDOC, Step III Grievance Officer, officially & in personal individual capacity,
ANTHONY A. DECESARO, CDOC, Step III Grievance Officer, officially & in personal individual capacity,
MISS DOWNEY, HCCC/CCA Inmates Records Clerk, officially & in her individual personal capacity, and
MICHELLE SANTISTEVAN, HCCC/CCA, Head Case Manager, officially & in her individual personal capacity,

    Defendants.

---

### ORDER TO FILE SECOND AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff Ralph Dean Chavez is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Huerfano County

Correctional Facility in Walsenburg, Colorado. He filed *pro se* an amended civil rights complaint pursuant to 42 U.S.C. §§ 1983 (2003), 28 U.S.C. § 1343 (1993), and various other statutes. He asks for money damages and declaratory relief.

The Court must construe the amended complaint liberally because Mr. Chavez is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Chavez will be ordered to file a second amended complaint and to show cause why the amended complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure.

The Court has reviewed the amended complaint and has determined that the amended complaint is deficient. Mr. Chavez is suing improper parties. Municipalities, such as Huerfano County, and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Chavez cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694. In addition, the Huerfano County Correctional Center is not a "person" and, thus, may not be sued under 42 U.S.C. § 1983.

The amended complaint also violates Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Chavez fails to provide a short and plain statement of the grounds upon which the Court's jurisdiction depends. *See* Fed. R. Civ. P. 8(a)(1). He fails to make clear which claims are asserted pursuant to which statute. Mr. Chavez also fails to set forth a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Quite simply, Mr. Chavez's amended complaint is unnecessarily verbose. Rather than summarizing each claim clearly and succinctly, Mr. Chavez offers

long-winded recitations of acts or events without stating clearly how his constitutional right or rights were violated. The Court has done its best to summarize some of his assertions.

Mr. Chavez asserts what appear to be three primary claims, citing various incidents pertinent to each claim. He complains that he has not received proper medical treatment for asthma and for foot problems (first and second claims). He also complains that he has been denied the right to communicate with the media regarding his advertising request for a pen pal (third claim). Mr. Chavez apparently expects the Court to sift through his allegations to determine who is being sued for what, and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Chavez's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him.

Mr. Chavez's amended complaint is deficient and subject to dismissal. Although the amended complaint must be construed liberally, the Court should not assume the role of advocate for the *pro se* litigant. See *Hall*, 935 F.2d at 1110. A complaint must specify, simply and concisely, the specific claims for relief the plaintiff is asserting.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. See *Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Mr. Chavez should be given an opportunity to file a second amended

complaint that clarifies the claims for relief he is asserting. He will be directed to do so below.

In the second amended complaint he will be directed to file, Mr. Chavez must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. He must include facts pertinent to each claim with each claim. He also must make clear which claims are asserted pursuant to which statute. Lastly, he must make clear that he has exhausted each asserted claim.

Currently, because of the verbosity of the amended complaint, it is not clear that Mr. Chavez has exhausted through the DOC grievance system each incident pertinent to his asthma and podiatry claims. In addition, he fails to demonstrate exhaustion as to his pen pal claim. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2005), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, **see Booth v. Churner**, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. **See Porter v. Nussle**, 534 U.S. 516, 532 (2002).

Mr. Chavez is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003).

To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Chavez must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. **See Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Chavez has failed to exhaust administrative remedies for any one of his claims, the entire amended complaint must be dismissed.

The DOC grievance procedure available to Mr. Chavez and to all inmates, see DOC Administrative Regulation 850-4, Grievance Procedure, applies "to a broad range of complaints including, but not limited to: policies and conditions within the institution that affects [sic] the offender personally, actions by employees and offenders, and incidents occurring within the institution that affects [sic] the offender personally." DOC Administrative Regulation 850-4, Grievance Procedure at IV.B.1.h.

To exhaust administrative remedies under the prison grievance procedure, an inmate must complete the three-step formal grievance procedure. **See** DOC Administrative Regulation 850-4, Grievance Procedure at IV.D. The response at the third and final step of the formal grievance process certifies that the grievance procedure has been exhausted. **See** DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.4.c. and g. Therefore, Mr. Chavez will be ordered to show cause why the amended complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure.

Finally, Mr. Chavez is advised that he must provide sufficient copies of the second amended complaint to serve each named defendant. The Court will not make

the copies necessary for service. Therefore, Mr. Chavez should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Chavez file **within thirty (30) days from the date of this order** an original and a copy of a second amended complaint that complies with the directives in this order and that shows cause why the amended complaint should not be dismissed for failure to exhaust the Colorado Department of Corrections' three-step administrative remedy procedure. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Chavez, together with a copy of this order, two copies of the following form for use in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Chavez submit sufficient copies of the second amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Chavez fails to comply with this order to the

Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 21st day of July, 2005.

BY THE COURT:

_____
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-00650-OES

Ralph Dean Chavez
Prisoner No. 111692
Huerfano County Corr. Center
304 Ray Sandoval Street, E-5218
Walsenburg, CO 81089

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 7/22/05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk